## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RONALD LOYD WHITWORTH, JR.,  )
                                              )

     Petitioner,               )

                                         )

v.                                )    Case No. 2:22-cv-881-MHH-GMB

                                         )

STATE OF ALABAMA, *et al.*,       )

                                         )

     Respondents.         )

## ORDER

Pursuant to 28 U.S.C. § 2254, *pro se* petitioner Ronald Loyd Whitworth, Jr. has asked this Court for relief from his state court conviction.  (Docs. 1, 20, 32).  The Magistrate Judge entered a report in which he recommended that the Court deny Mr. Whitworth's petition.  (Doc. 59).  In his discussion of procedural default, the Magistrate Judge explained that the Alabama Court of Criminal Appeals found that Mr. Whitworth first raised his ineffective assistance of appointed trial counsel arguments in his Rule 32 petition, and the Magistrate Judge concluded that the ACCA properly "grounded its decision on state law that is independent of a federal question and adequate to support the judgment."  (Doc. 59, pp. 33–34).[1]  Mr.

---

[1] The Magistrate Judge correctly pointed out the ACCA addressed one of Mr. Whitworth's ineffective assistance of trial counsel arguments – his argument that advisory counsel should have withdrawn because of a conflict, (Doc. 25-34, p. 56) – on the merits, (Doc. 25-48, pp. 13–16).  (*See* Doc. 59, p. 33 n.16).  Therefore, the Magistrate Judge reviewed this argument on the merits.  (*See* Doc. 59, p. 33 n.16, pp. 55–56).

Whitworth objects; he asserts that he raised ineffective assistance of appointed trial counsel "at the final pretrial conference on June 7, 2016 and the first day of trial proceedings on June 13, 2016." (Doc. 66, p. 8; *see also* Doc. 66, p. 10). This opinion addresses Mr. Whitworth's objection.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (quoting § 636(b)(1)); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give fresh consideration to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).

The Court's review of the state court record confirms that Mr. Whitworth raised a variety of issues concerning the representation the public defender provided before the state court sentenced him. Mr. Whitworth challenged the representation

the public defender's office provided to him between May 2015 and June 2016 during his June 7, 2016 pre-trial conference; in a petition for writ of mandamus he submitted to the trial court and to the Alabama Court of Criminal Appeals between his pretrial conference and the first day of trial; during a hearing outside of the presence of the jury on June 13, the first day of trial; and in a June 28, 2016 motion to withdraw the waiver of counsel that he filed before sentencing. (*See generally* Doc. 25-2, p. 4) (May 11, 2015 docket entry appointing PD's office to represent Mr. Whitworth).

The state trial court set Mr. Whitworth's case for a pretrial conference on June 7, 2016, slightly more than one year after lawyers from the public defender's office began representing Mr. Whitworth. Shortly before the June 7 conference, Mr. Whitworth filed, among other things, a *pro se* motion to dismiss the charges against him on speedy trial grounds, a *pro se* motion to dismiss based on the Double Jeopardy Clause, and an election to proceed without counsel. (Doc. 25-2, pp. 114–23).[2] The state trial court addressed Mr. Whitworth's election to proceed without counsel before the pretrial hearing and addressed Mr. Whitworth's *pro se* motion to dismiss during the June 7 pre-trial conference. (*See* Doc. 25-41; Doc. 25-4, pp. 1,

---

[2] As discussed later in this order, the state trial court received Mr. Whitworth's election to proceed without counsel on May 31, 2016; on June 1, 2016, entered an order setting the election for hearing on June 7, 2016; and heard and approved the election on June 7, 2016, before the pretrial hearing began. (*See* Doc. 25-2, p. 6; Doc. 25-4, pp. 14, 16).

36, 40; Doc. 25-11, pp. 57–150).  On June 7 at 8:21 a.m., before the pretrial conference began, the state trial court entered an "Order on Defendant Waiving Right to Counsel" in which the state trial court permitted Mr. Whitworth to represent himself.  (Doc. 25-41, p. 11; *see also* Doc. 25-2, p. 6).  In that order, the state trial court explained that it "conducted a personal colloquy with [Mr. Whitworth], under oath and in open court, concerning the Waiver [of the right to counsel], what it would mean, and the potential consequences for him to represent himself."  (Doc. 25-4, p. 16; Doc. 25-41, p. 11) (brackets added).[3]  A transcript of the state trial court's discussion of Mr. Whitworth's motions to dismiss appears in the record at Doc. 25-11, pp. 57–150.  That transcript does not contain the state trial court's discussion with Mr. Whitworth regarding his election to proceed without counsel, and the Court has not located a transcript of that colloquy in the record.

The day after the pre-trial conference, on June 8, 2016, Mr. Whitworth filed a petition for a writ of mandamus with the Alabama Court of Criminal Appeals, (Doc. 25-3, pp. 41–54), and he filed with the state trial court a notice of filing of the mandamus petition and a motion to stay the trial court proceedings pending the

---

[3] In that order, the state trial court removed the public defender as Mr. Whitworth's appointed counsel and assigned lawyers from the public defender's office as advisory counsel.  (Doc. 25-41, p. 11).  The advisory counsel appointment undergirds Mr. Whitworth's IAC argument concerning appointed trial counsel's conflict.

4

outcome of the mandamus petition, (Doc. 25-4, p. 38).[4]  Mr. Whitworth provided a

"copy of the complete mandamus petition" to the state trial court.  (Doc. 25-4, p.

45).  On June 10, 2016, the state trial court entered an order after it reviewed Mr.

Whitworth's mandamus petition.  (Doc. 25-4, p. 40).[5]

In the mandamus petition, Mr. Whitworth sought dismissal of the state

charges against him for speedy trial violations and argued that he could establish

prejudice from the delay in the state criminal proceedings because, among other

things, he experienced "loss of counsel of choice and resulting ineffective assistance

of counsel."  (Doc. 25-3, p. 52).  Mr. Whitworth stated:

> After 7 ½ years of maintaining [Mr.] Whitworth's case, his hired
> attorney withdrew due to a lack of remaining funds in Whitworth's
> retainer account.  This left [Mr.] Whitworth depending on an
> overburdened public defender who waited until the pretrial conference
> on August 13, 2015, to present a motion to dismiss charges for want of
> a speedy trial.  (Trial had long been set for August 17, 2015).  When
> Judge Reeves denied the motion to dismiss, the public defender refused
> to file a petition for a writ of mandamus and then informed [Mr.]
> Whitworth that the defense expert witnesses had not been subpoenaed
> and could not appear to testify at trial the following week due to

---

[4] On June 10, 2016, the state trial court denied Mr. Whitworth's motion to stay.  (Doc. 25-4, p. 39).  On June 17, 2016, the ACCA denied a motion to stay the trial court proceedings.  (Doc. 25-4, p. 43).

[5] On June 13, 2016, the first day of Mr. Whitworth's trial, the state trial court judge stated on the record that she had received Mr. Whitworth's petition for a writ of mandamus and had "read the whole thing."  (Doc. 25-4, p. 161: 13–18).  A state trial court stamp on a copy of the mandamus petition states "RECEIVED AND FILED . . . JUN 13 2016," indicating that the state trial court judge placed her copy of the mandamus petition in the state trial court record on June 13, 2016. (Doc. 25-3, p. 41).

> scheduling conflicts.    This forced [Mr.] Whitworth to ask for a continuance until his experts could be made present to testify at his trial.

(Doc. 25-3, p. 52).

Mr. Whitworth attached several documents to his mandamus petition. (Doc. 25-3, p. 55) (listing attachments to mandamus petition). Attachment F is an affidavit dated August 13, 2015, a few months after the state trial court appointed the public defender to represent Mr. Whitworth. (Doc. 25-4, pp. 2–4). In that affidavit, Mr. Whitworth asserted that he had been prejudiced "in many ways" by the seven-year delay in his prosecution, including his inability to afford his retained counsel, causing him to have to "depend[] on an overburdened public defender for trial in this serious and complex case . . . ." (Doc. 25-4, pp. 3–4).

Attachment G to the mandamus petition is a 10-page affidavit dated June 7, 2016, the date of Mr. Whitworth's pretrial conference. (Doc. 25-4, pp. 5-14).[6] Mr. Whitworth captioned the affidavit: "addressing events between June 3, 2015 and June 6, 2016." (Doc. 25-4, p. 5). Mr. Whitworth states that on June 3, 2015, the state trial court appointed two attorneys from the state public defender's office to represent him. (Doc. 25-4, p. 5, ¶ 1). Mr. Whitworth asserts that he "made it clear to appointed counsel that [he] never waived [his] right to a speedy trial, and [he]

---

[6] It appears that Mr. Whitworth wrote that affidavit on June 6, 2016. The final paragraph of the affidavit reads in pertinent part: "As of June 6, 2016, I have not received any further orders from the Court or documents from the court clerk or D.A. *except setting hearing on June 7 for my 'release liability.'" (Doc. 25-4, p. 14, ¶ 35). Mr. Whitworth later indicated that he submitted the affidavit to the state trial court on June 7, 2016. (Doc. 25-4, p. 58).

instructed appointed counsel to file a motion to dismiss the indictments for the speedy trial violation" and to file "as quickly as possible." (Doc. 25-4, p. 5, ¶¶ 3-4) (brackets added).[7]  On July 2, 2015, Mr. Whitworth asked his appointed attorney, Mr. Vickers, to file several pretrial motions and "especially [his] motion to dismiss for [a] speedy trial violation."  (Doc. 25-4, p. 6, ¶ 10) (brackets added).  Mr. Whitworth also "made Mr. Vickers aware that Dr. Goff, [Mr. Whitworth's] expert witness, had been trying to reach him so Goff could be ready for trial." (Doc. 25-4, p. 6, ¶ 10) (brackets added).

In the June 7, 2016 affidavit, Mr. Whitworth recounted that, during a July 7, 2015 status conference, instead of filing his motion to dismiss, his appointed attorney filed a motion for additional discovery.  (Doc. 25-4, p. 7, ¶ 11).  On July 8, 2015, Mr. Whitworth mailed his appointed attorneys a letter in which he again asked them to file his motion to dismiss his indictment on speedy trial grounds.  (Doc. 25-4, p. 7, ¶ 14).

Between July 8, 2015, and August 11, 2015, Mr. Whitworth tried to reach his appointed attorneys on at least seven occasions by phone and mail to discuss his case, but he was unable to reach them.  (Doc. 25-4, pp. 7–9). On July 19, 2015, Mr.

---

[7] Mr. Whitworth told the attorneys that he thoroughly researched speedy trial violations "and found that waiting 86 months to arraign a defendant and 88 months to set the first trial date was a clear case of the violation of [his] right to speedy trial." (Doc. 25-4, p. 6, ¶ 7) (brackets added).  Mr. Whitworth had his father mail to his appointed attorneys a speedy trial motion to dismiss that Mr. Whitworth drafted, and Mr. Whitworth's appointed counsel acknowledged receipt of that motion on June 29, 2015.  (Doc. 25-4, p. 6, ¶ 8).

Whitworth sent his appointed public defender a letter in which he asked for information concerning, among other things, "getting itemized discovery from the State, working with Dr. Goff, and working with the computer forensic expert." (Doc. 25-4, p. 8, ¶ 15). According to Mr. Whitworth's affidavit, in the July 19 letter, he stated:

> I advised that I had located a medical expert who was willing to look into my case. I said "Dr. James Lauridson from Montgomery wants you to call him as soon as possible to discuss my case. Please contact him and get funds approved. Dr. Goff wants Dr. Lauridson to call him as soon as he's onboard," in this same letter. I explained that I had met with Investigator Richard Pierce of the Public Defender's Office on July 2, 2015 and gave him a list of police reports, court documents, and other evidence we needed to get, including things that needed to be subpoenaed. I ended the letter by saying, "We have less than 30 business days before the August 17th trial date, and I cannot ask for a continuance. Please visit me at the jail this week so we can discuss the above issues."

(Doc. 25-4, pp. 8–9, ¶ 15). Mr. Whitworth wrote his attorneys again on July 24, 2015. He indicated that he had not had a response to his July 8 and 19 letters, and he stated: "By the time you receive this, we will have less than 15 working days before the August 17 trial date. Here are some important issues: motion to dismiss . . . computer forensics examiner . . . medical expert. . . Please visit me at the jail this week. Thank you." (Doc. 25-4, p. 9, ¶ 16) (ellipses in affidavit). When Mr. Whitworth called Mr. Vickers on July 28, 2015, he "left a message about the computer forensics expert, Dr. Lauridson, Dr. Goff, and asked Vickers to visit at the jail so [they] could get ready for trial." (Doc. 25-4, p. 9, ¶ 17) (brackets added).

8

Mr. Whitworth's appointed attorneys visited him in jail on August 12, 2015. (Doc. 25-4, p. 10, ¶ 19). During a hearing the following day, Mr. Whitworth's attorneys filed his motion to dismiss on speedy trial grounds. (Doc. 25-4, p. 10, ¶ 19). The judge denied the motion. (Doc. 25-4, p. 10, ¶ 20). Mr. Whitworth's appointed attorneys informed him that they were not ready for the August 2015 trial setting because they had not "subpoenaed the experts or any other witnesses." (Doc. 25-4, pp. 10–11, ¶ 21). One of the attorneys, Mr. Williams, "warned [Mr. Whitworth] not to proceed to trial without [his] experts. In the same breath, Mr. Williams said that asking for a continuance would likely jeopardize [his] speedy trial claim." (Doc. 25-4, pp. 10–11, ¶ 21) (brackets added). Ultimately, Mr. Whitworth "agreed to a continuance so that [his] experts could be made present to testify at trial, but I made it clear that I wanted a short continuance – just enough to do the basic and necessary things that counsel had failed to do – like issuing subpoenas." (Doc. 25-4, pp. 11–12, ¶ 24) (brackets added). Mr. Whitworth asserted in his affidavit that his appointed attorneys were responsible for his request for a continuance, a request that jeopardized his speedy trial argument, because his attorneys "failed to be ready for trial." (Doc. 25-4, p. 12, ¶ 26).

Mr. Whitworth wrote to his appointed attorneys several times between March 10, 2016, and May 9, 2016; his attorneys did not respond. (Doc. 25-4, p. 14, ¶ 32). On April 23 and May 7, Mr. Whitworth spoke with his expert, Dr. John Goff, who

stated "that he had not heard from [Mr. Whitworth's appointed attorneys], but that he needed a lot of information from them before he could be ready to testify." (Doc. 25-4, p. 14, ¶ 32).[8]

Mr. Whitworth's attorneys visited him on May 24, 2016, to discuss a plea offer. (Doc. 25-4, p. 14, ¶ 33). On May 27, 2016, after realizing that his appointed attorneys "had not done the basics to prepare for trial," Mr. Whitworth mailed to the state trial court and his appointed counsel his "election to proceed without counsel." (Doc. 25-4, p. 14, ¶¶ 33–34; *see* Doc. 25-2, p. 114).[9]

---

[8] Mr. Whitworth described Dr. Goff as an expert in forensic psychology. (Doc. 25-3, p. 3; *see also* Doc. 25-2, p. 55).

[9] The record demonstrates that the state trial court docketed Mr. Whitworth's election to proceed without counsel on May 31, 2016. (Doc. 25-2, p. 6). The state trial court docket sheet indicates that the trial court entered an order regarding the motion on June 1, 2016. (Doc. 25-2, p. 6). Mr. Whitworth was brought to the state trial court on June 7, 2016, at which time Mr. Whitworth testified "under oath," and the state trial court permitted Mr. Whitworth to proceed without the assistance of counsel. (Doc. 25-4, p. 14, ¶ 35; Doc. 25-4, p. 16; Doc. 25-41, p. 11).

In his affidavit, Mr. Whitworth states that on June 1, 2016, the state trial court held a hearing on his election to proceed without counsel. (Doc. 25-4, p. 14, ¶ 35). Mr. Whitworth filed with his election document a motion for "release from liability." (Doc. 25-2, p. 6). The state trial court also issued an order regarding that motion on June 1, 2016. Mr. Whitworth acknowledges that the June 1 order concerning his motion for release from liability was an order setting the motion for hearing on June 7, 2016. (Doc. 25-4, p. 14, ¶ 35). Taken together, it appears from the state trial court docket sheet, Mr. Whitworth's affidavit, and the state trial court order regarding Mr. Whitworth's election to proceed without counsel that the state trial court received his election on May 31, 2016; on June 1, 2016, entered an order setting the election for hearing on June 7, 2016; and heard and approved the election on June 7, 2016, before the pretrial hearing began. (*See* Doc. 25-2, p. 6; Doc. 25-4, pp. 14, 16). The record indicates that the state trial court's hearing on Mr. Whitworth's election to proceed without counsel on June 7, 2016, was early that morning because the "Order on Defendant Waiving Right to Counsel" dated June 7, 2016, was entered electronically at 8:21 a.m. by the trial court judge's judicial assistant. (Doc. 25-4, p. 16; Doc. 25-2, p. 6).

10

On June 24, 2016, Mr. Whitworth "update[d]" his mandamus petition and requested an expedited hearing from the ACCA. (Doc. 25-4, p. 44). Mr. Whitworth provided this update to the state trial court. (Doc. 25-4, pp. 44, 52). In the update, Mr. Whitworth wrote that "because of serious problems with public defender counsel," he "was proceeding *pro se* in the circuit court." (Doc. 25-4, p. 45). Mr. Whitworth recounted his expert's inability to prepare opinions for trial because the lawyers from the public defender's office would not provide information that the expert requested. (Doc. 25-4, p. 46). Mr. Whitworth explained that the lawyer who refused his expert's request for information was the same lawyer the state trial court appointed as his advisory counsel over his objection. (Doc. 25-4, pp. 46–47; *see also* Doc. 25-4, p. 56). Mr. Whitworth argued that the advisory attorney was conflicted from representing him. (Doc. 25-4, p. 47). Mr. Whitworth concluded his ACCA submission, which he also provided to the state trial court, as follows: "Whitworth needs the assistance of effective counsel . . . to comply with the constitutions of the United States and the State of Alabama." (Doc. 25-4, p. 51) (ellipses added).

On June 28, 2016, before his sentencing hearing, Mr. Whitworth filed a motion in which he withdrew his waiver of counsel and asked the state circuit court to appoint "counsel other than public defender attorneys" to represent him. (Doc. 25-4, p. 55). He again asserted that the appointed attorney from the public defender's

office provided "ineffective assistance and fail[ed] to prepare for trial." (Doc. 25-4, p. 56) (brackets added). Mr. Whitworth concluded by requesting that the trial court "appoint non-public defender counsel who is experienced in mandamus petitions, speedy trial violation issues, and sentencing hearings." (Doc. 25-4, p. 57). He attached to his motion "Attachment G" from his petition for a writ of mandamus and two letters from Dr. Goff, one dated May 30, 2016, and the other dated June 2016. (Doc. 25-4, pp. 58–70). Dr. Goff addressed the first letter to Mr. Whitworth's appointed attorney from the Public Defender's Office, Dan Alexander, and the second letter to the state trial court judge. (Doc. 25-4, pp. 68–70). In both letters, Dr. Goff indicated that he needed additional information to prepare opinions for Mr. Whitworth's case. (Doc. 25-4, pp. 68–70). On July 1, 2016, the state trial court appointed Michael Hanle to represent Mr. Whitworth. (Doc. 25-4, pp. 71–72).[10]

Mr. Hanle filed a motion for judgment of acquittal and for a new trial on behalf of Mr. Whitworth. (Doc. 25-4, pp. 112–25). The state trial court denied the motion without an opinion. (Doc. 25-4, p. 126). On August 7, 2017, Mr. Hanle filed a direct appeal in the ACCA. (*See* Doc. 25-21, p. 20). On August 16, 2017, Mr. Whitworth sent Mr. Hanle a letter in which he outlined concerns with Mr. Hanle's appellate

---

[10] Mr. Hanle was an attorney at a private law firm. (Doc. 25-4, p. 72). Mr. Alexander filed a motion to withdraw on July 5, 2016, and the state trial court granted the motion the same day. (Doc. 25-4, pp. 73-74).

brief, including Mr. Hanle's decision not to include "issues about public defenders'

pre-trial phase actions and failures." (Doc. 25-21, p. 16). Mr. Whitworth stated:

> I sent you an affidavit in June or July 2017 that specified the instances of IAofC and the judges bad rulings which prevented me from having time to work or correct their pretrial failures to prepare.
>
> This affidavit focused on events during the weeks of June 7, 2016 through June 16, 2016 (Pretrial Conference Through Jury Verdict).
>
> I asked you to address these issues in the merit brief and to submit this recent affidavit along with the merit brief.
>
> I also asked you to get with Dr. Goff and get an affidavit from him on the Public Defenders' refusal to cooperate with him.
>
> . . .
>
> I worked very hard to preserve these issues for appeal, yet none of them were mentioned in the appeal brief.
>
> . . .
>
> So, please withdraw the merit brief you filed and file a merit brief which addresses these issues.
> . . .
>
> In the alternate, please submit a supplement to your brief which (1) lists specific examples of trial delay prejudice, (2) addresses public defenders IAofC, and (3) addresses specific court errors and wrongful denials of my pretrial motions.

(Doc. 25-21, pp. 16, 18–19).

Mr. Whitworth attached to his letter a "motion to replace counsel" and

instructed Mr. Hanle to file the motion on Mr. Whitworth's behalf if Mr. Hanle did

not agree to correct the merit brief. (Doc. 25-21, pp. 19–20). In his motion to replace

counsel that he attached to his letter to Mr. Hanle, Mr. Whitworth requested that the state court "remove Attorney Michael Hanle as appellate counsel and to assign other counsel to file the merit brief in this case." He also asked the ACCA to modify the briefing schedule and withdraw the August 7, 2017, merit brief Mr. Hanle filed so that he could brief the issues that Mr. Hanle failed to include. (Doc. 25-21, pp. 20–21).

On August 22, 2017, Mr. Hanle filed a motion to withdraw as counsel. (Doc. 25-21, pp. 22–23). Mr. Hanle attached Mr. Whitworth's motion to replace counsel to his motion to withdraw. (*See* Doc. 25-22, p. 2). That same day, Mr. Whitworth filed a *pro se* "motion to replace counsel, set new briefing schedule, and strike existing brief of the Appellant from the Record" in the ACCA. (Doc. 25-21, pp. 24–27; Doc. 25-22, p. 1). On August 30, 2017, the ACCA sent Mr. Whitworth a letter in which it stated that it was in receipt of Mr. Hanle's motion to withdraw and Mr. Whitworth's motion to replace counsel. (Doc. 25-22, p. 2). The ACCA gave Mr. Whitworth "three choices" -- Mr. Whitworth could continue with Mr. Hanle as his appointed appellate counsel; he could retain counsel at his own expense; or he could waive his right to appointed counsel and proceed *pro se*. (Doc. 25-22, p. 2). The ACCA stated that any newly retained attorney or Mr. Whitworth (if he elected to proceed *pro se*) would not be allowed "to file another appellant's brief. However, there [would] be an opportunity for either" retained counsel or Mr. Whitworth "to

14

file an appellant's reply brief, but the appellant's reply brief can only address arguments made by the [State] in its brief and no new arguments [could] be raised in [Mr. Whitworth's] reply brief." (Doc. 25-22, p. 2) (brackets added). Ultimately, the ACCA sustained Mr. Whitworth's conviction. (Doc. 25-16, p. 1; Doc. 25-22, pp. 76–77).

On February 12, 2020, Mr. Whitworth filed a *pro se* Rule 32 petition with the state circuit court. (*See* Doc. 25-32, p. 15). The state circuit court summarily denied Mr. Whitworth's petition, (Doc. 25-3, pp. 146, 158; Doc. 25-24, p. 4), and Mr. Whitworth appealed. (Doc. 25-45, pp. 1–82).

In its decision affirming the trial court's denial of Mr. Whitworth's *pro se* Rule 32 petition, the ACCA stated that in his Rule 32 petition, Mr. Whitworth "alleged that his 'pretrial' counsel was ineffective because his counsel failed 'to secure complete discovery'; failed to interview 'even a single witness and fail[ed] to depose a key defense witness who could not be made present at trial due to health reasons'; failed 'to subpoena important records and to co-operate with defense expert witness, Dr. John Goff'; and failed 'to secure a defense medical expert witness.' (Second Supp. C. 57-70.)." (Doc. 25-48, p. 8). The ACCA held that the

15

"circuit court properly dismissed these claims because they could have been, but were not, raised at trial or on appeal." (Doc. 25-48, p. 8).[11]

Given the pretrial, trial, and pre-sentencing submissions discussed in this order, the Court returns this case to the Magistrate Judge for further proceedings. The Magistrate Judge shall please develop the discussion of procedural default to address the relationship between Mr. Whitworth's pretrial, trial, and presentencing submissions regarding the assistance he received from appointed counsel between May 2015 and June 2016 and the ACCA's finding that "these claims . . . could have been, but were not, raised at trial or on appeal." If the Magistrate Judge determines that Mr. Whitworth's ineffective assistance of appointed trial counsel claims are not procedurally defaulted, then the Magistrate Judge shall please continue the analysis of those claims.

As noted, the June 7, 2016, transcript of the pretrial hearing does not reflect the hearing on Mr. Whitworth's election to proceed without counsel, and the Court has not located a transcript of that proceeding to consider remarks Mr. Whitworth may have made about work performed by his appointed public defender. The Magistrate Judge shall please determine whether a copy of the June 7, 2016, pre-trial

---

[11] As discussed in this order, Mr. Whitworth raised these grounds in his petition for a writ of mandamus, which he submitted to the state trial court before his trial began, and during the pretrial hearing during which he waived the right to counsel. (*See* Doc. 25-2, p. 114; 25-3, pp. 41–59; 25-4, p. 16).

conference transcript regarding Mr. Whitworth's election to proceed without counsel is available for consideration with respect to Mr. Whitworth's habeas petition.

The Clerk of Court shall please TERM Docs. 105, 111, and 119 as moot and mail a copy of this order to Mr. Whitworth at the address included on the docket sheet.

**DONE** and **ORDERED** this March 31, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE